NOT FOR PUBLICATION                                                                    CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PIERRE SZAMEK, RODERICK GILMORE : : : Plaintiff, : : v. : : WENDOVER FINANCIAL SERVICES., : : Defendants. | **Hon. Dennis M. Cavanaugh**  **OPINION & ORDER**  Civil Action No. 05-CV-3234 (DMC) |

This matter comes before the Court upon Plaintiff, Roderick Gilmore's ("Plaintiff") Application for an Oder to Show Cause with Temporary Restraints pursuant to Rule 65(b) of the Federal Rules of Civil Procedure seeking a "Notice of Lis Pendens barring Defendant, Wendover Financial Services ("Defendant") from selling the property located at 75-81 Chancellor Avenue, Newark, New Jersey, also known as 24-34 Van Vestos Place, Newark, New Jersey. No oral argument was heard pursuant to Rule 78 of the F. R.Civ. P. For the reasons set forth below, Plaintiff's Application for an Order to Show Cause is **denied**. The Court will sua sponte dismiss the Complaint for lack of subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332.

Discussion

To obtain a preliminary injunction, a petitioner must show a likelihood of success on the merits; that he will suffer irreparable harm if the injunction is denied; that granting the relief will not result in greater harm to the defendant; and, that granting the relief is consistent with the public interest. See Nutrasweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir.1999); Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir.1999); Maldonado v. Houstoun,

157 F.3d, 179, 184 (3d Cir.1998), cert. denied, 526 U.S. 1130, 119 S.Ct. 1802, 143 L.Ed.2d 1007 (1999); Pappan Enters., Inc. v. Hardee's Food Systems, Inc., 143 F.3d 800, 803 (3d Cir.1998); Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir.1994). The issuance of a preliminary injunction is an "extraordinary remedy" which should be confined to "limited circumstances." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir.1989). A preliminary injunction should be granted only if the petitioner demonstrates that all four factors favor such relief. See AT & T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir.1994); Opticians Association of America v. Independent Opticians of America, 920 F.2d 187, 192 (3d Cir.1990).

  The essential function of a preliminary injunction is to maintain the status quo pending a final determination of the parties' rights and obligations. See Acierno v. New Castle County, 40 F.3d 645, 647 (3d Cir.1994). For this reason, courts are wary about granting mandatory injunctive relief, particularly when this would effectively give the petitioner what he ultimately seeks in the underlying lawsuit. See Phillip v. Fairfield Univ., 118 F.3d 131, 133 (2d Cir.1997); Acierno, 40 F.3d at 647; Iron City Indus. Cleaning Corp. v. Local 141, Laundry & Dry Cleaners Int'l. Union, 316 F.Supp. 1373, 1376 (W.D.Pa.1970). A preliminary injunction is generally inappropriate when legal remedies, including money damages, are available to the plaintiff. See Anderson v. Davila, 125 F.3d 148, 163 (3d Cir.1997); Acierno, 40 F.3d at 653; Dice v. Clinicorp., Inc., 887 F.Supp. 803, 809 (W.D.Pa.1995).

  In this case, Plaintiff seeks to have a "Notice of Lis Pendens" filed barring Defendant from selling the property located at 75-81 Chancellor Avenue, Newark, New Jersey, also known as 24-34 Van Vestos Place, Newark, New Jersey. Plaintiff asserts that evidence presented to the Hon. Kenneth S. Levy of the Superior Court of New Jersey, Chancery Division, Essex County, under Docket No. F-17252-99 was not considered. Plaintiff seeks to file a Notice of Lis Pendens

in the Federal District Court because the current Notice of Lis Pendens filed in the Superior Court of New Jersey, Chancery Division, Essex County, will be discharged on June 27, 2005.

Plaintiff has failed to show a likelihood of success on the merits. Plaintiff simply seeks from this Court what he has not been able to obtain from the State Court. Further, Plaintiff fails to support his claim that he will suffer irreparable harm if the requested relief is not granted. . Accordingly, Plaintiff's Application for an Order To Show Cause with Temporary Restraints is **denied.**

Rule 12(b)(1) allows a court to dismiss a case if that court lacks subject matter jurisdiction over the matter. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998)(citing Nowak v. Ironworkers Local 6 Pension Fund, 81 F. 3d 1182, 1187 (2d Cir. 1996)). Plaintiff bears the burden of showing that subject matter jurisdiction exists. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981)).

The Federal Court is a court of limited jurisdiction. For the Court to have jurisdiction, there must be a federal question or diversity among the parties with an amount in controversy of $75,000 or more. In this case, neither criterion is met.

Plaintiff has not provided the Court with any case law or statute which shows this Court has jurisdiction over his claims. Plaintiff's claims can properly be addressed in state court. (See R. 4:63A of the N.J Court Rules - Motion and Hearing On Filing Of Notice Of Lis Pendens.) Further, Plaintiff does not assert diversity jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, Plaintiff's Complaint is dismissed sua sponte.

CONCLUSION

For the aforementioned reasons Plaintiff's Application for an Order To Show Cause with Temporary Restraints is **denied** and the Complaint is **dismissed** with prejudice for lack of subject matter jurisdiction pursuant to R. 12(b)(1) of the F.R.Civ.P.

**SO ORDERED.**

                                                    S/ Dennis M. Cavanaugh
                                                    Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | June 28, 2005 |
| Original: | Clerk's Office |
| cc: | All Counsel of Record |
| | The Honorable Mark Falk, U.S.M.J. |
| | File |